UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BRYANT J. KING, ) | |
| ) | |
| Petitioner, ) | Case No.: 1:04-CV-369 |
| ) | 1:01-CR-12 |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OF OPINION AND ORDER**

This matter is before the court on the Request for a Certificate of Appealability filed by Bryant King ("King") on May 10, 2005. For the following reasons, King's request is DENIED.

**DISCUSSION**

On May 10, in addition to this request for certificate of appealability, King also filed a simultaneous Notice of Appeal. Generally, once a Notice of Appeal is filed, a district court is divested of jurisdiction in a case. However, in the case of certificates of appealability, the Seventh Circuit, notwithstanding the filing of a Notice of Appeal, generally remands the case to the district court for a determination of whether a certificate should be issued. *See Williams v. United States*, 150 F.3d 639 (7th Cir. 1998) ("Circuit Rule 22.1(b) instructs litigants [seeking a certificate of appealability] to go to district courts first, and initial application to the district judge is good practice[.]"). Therefore, the court will address King's current request.

Pursuant to 28 U.S.C. § 2253, a prisoner seeking appellate review of a district court's denial of a § 2255 motion must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1). Section 2253(c)(2) provides that a certificate "may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." Section

2253(c)(3) adds that the certificate must "indicate which specific issue or issues satisfy the showing required by paragraph (2)." As a practical matter, "[t]he certificate is a screening device, helping to conserve judicial (and prosecutorial) resources. The obligation to identify a specific issue concentrates the parties' attention (and screens out weak issues); the limitation to constitutional claims also reduces the number of appeals while simultaneously removing a category of claim that . . . has poor prospects." *Young v. United States*, 124 F.3d 794, 799 (7th Cir.1997).

As noted above, a certificate of appealability may be issued only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253. "A petitioner . . . must . . . demonstrate that an issue is debatable among jurists of reason or that the questions 'deserve encouragement to proceed further.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 3394-5 & n.4 (1983)).

Given the discussion in this court's April 14, 2005, Memorandum of Decision and Order, wherein the court set forth at length its reasons for denying King's § 2255 motion, it cannot be said that the issues presented in that motion are debatable among jurists of reason. The same applies to the issues King raises in his request for certificate of appealability, which are the same issues although slightly rephrased and/or recharacterized. Accordingly, his request for a certificate of appealability must be denied.

King was convicted by a jury on August 14, 2002, of a charge of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1). On April 30, 2003, this court sentenced King to 262 months imprisonment. King received this term of imprisonment since he was sentenced as a career offender, due to prior state court felony convictions. King appealed to the

Seventh Circuit Court of Appeals and his conviction was affirmed.  *United States v. King*, 356 F.3d 774 (7th Cir. 2004).  On October 4, 2004, King filed a Petition to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255.  Following a court-extended briefing period on that motion, the court issued a Memorandum of Decision and Order denying the motion on April 14, 2005.  King's motion for a certificate of appealability is now before the court.

In his brief in support of his request for a certificate of appealability, King does not present new issues or arguments.  Instead, he states that he is making the "request for COA for ineffective assistance of counsel and Sixth Amendment violation as argued in his 2255 motion.  Petitioner will adopt the arguments in his 2255 motion to support COA on the remaining issues."  Petitioner's Brief, p. 2 (docket at 175).  King then proceeds to argue that he should not have received a two-level enhancement to his sentence for obstruction of justice and that the court should not have "increased his offense level to more than 50 grams of methamphetamine when the evidence did not support such conclusion."  *Id.*  King further states that "[t]he crux of Petitioner's request for COA is that COA should issue because the jury did not have proper 'facts' to determine more than 50 grams of methamphetamine was involved, and the jury never found beyond a reasonable doubt Petitioner obstructed justice.  Thus, his sentence is invalid under [*Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000)]."  *Id.*

Finally, as to the ineffective assistance of counsel claim, King writes as follows: Surely had counsel objected Petitioner would not have had said enhancement or the issues would have been preserved for appellate review.  Thus Petitioner received a lengthy sentence due to counsel's deficient performance.  Therefore, COA is requested based on counsel performance.

3

Petitioner adopts the ineffective claim in his 2255 for further support of his issue." *Id*., p. 3.

Again, all of these issues were dealt with in great detail in this court's memorandum and order of April 14, 2005. Most of them, although phrased somewhat differently, were also raised by King in his direct appeal, and rejected by the Seventh Circuit in its published opinion. Specifically, King's arguments concerning the calculation of the amount of drugs involved in his offense and the enhancement he received for obstruction of justice, have been expressly dealt with, and rejected, by both this court and the Court of Appeals.

King's contention that his counsel was somehow ineffective or deficient are wholly unavailing. King argues that his attorney was ineffective for allegedly having failed to object to the enhancements he received and/or to preserve these issues for appellate review. This claim is meritless. First, King's counsel did in fact object to the enhancements King received when written objections were filed to the Pre-Sentence Investigation Report prepared by the U.S. Probation Department. In fact, rather extensive briefing was done on sentencing issues and the court issued a memorandum and order on April 25, 2003, addressing (and overruling) King's objections. Also, the issues King raises were in fact preserved for appeal since most of them were presented to the Court of Appeals.

The most fundamental basis for denying King's request for a certificate of appealability is one the Seventh Circuit also stated clearly in its opinion. That is, that King was sentenced as a career offender and, accordingly, he was properly sentenced pursuant to U.S.S.G. § 4B1.1(b). As the Court of Appeals explained it, "There is no need . . . to consider King's arguments because King is a career offender and does not challenge his career offender status. . . . While his sentencing arguments have little merit, even if they had any substance, they would have no

4

impact on King's sentence." *King*, 356 F.3d at 780.  This point in and of itself would render any further appeal by King meritless.

## CONCLUSION

For the reasons set forth herein, the Request for Issuance of Certificate of Appealability filed by petitioner Bryant King is DENIED.

SO ORDERED.

Dated: May 18, 2005.

                                                              /s/   William C. Lee  
                                                             William C. Lee, Senior Judge  
                                                            United States District Court